IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lamar A. Graves, | ) | C/A No. 0:12-3574-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Allendale Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Lamar A. Graves ("Graves"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 21.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Graves was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 22.) Graves responded in opposition. (ECF No. 28.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Graves's Petition denied.

**BACKGROUND**

Graves was indicted in January 2005 in Spartanburg County for armed robbery (05-GS-42-0076), and burglary in the first degree (05-GS-42-0077). (App. at 554-57, ECF No. 20-6 at 56-59.) He was further indicted in May 2005 for pointing and/or presenting a firearm (05-GS-42-1704). (App. at 552-53, ECF No. 20-6 at 54-55.) Graves was represented by Kathleen J. Hodges, Esquire,

and on January 3-4, 2006 was tried before a jury and found guilty of armed robbery.[1] (App. at 435, ECF No. 20-5 at 15.) The circuit court sentenced Graves to eighteen years' imprisonment. (App. at 441, ECF No. 20-5 at 21.)

Graves timely appealed and was represented by Eleanor Duffy Cleary, Esquire, Assistant Appellate Defender, who filed an Anders[2] brief that raised the following issue:

> Whether Lamar Graves was deprived of due process of law where the police told two witnesses that the man they had picked out of a lineup as the gunman was not involved and to pick out another person and where the witnesses were unsure of Lamar's involvement, rendering their identifications unreliable?

(App. at 446-56, ECF No. 20-5 at 26-36.) On October 10, 2008, the South Carolina Court of Appeals issued an order dismissing Graves's appeal. (State v. Graves, 2008-UP-562 (S.C. Ct. App. Oct. 10, 2008, App. at 460-61, ECF No. 20-5 at 40-41.) The remittitur was issued October 28, 2008. (App. at 462, ECF No. 20-5 at 42.)

Graves filed a *pro se* application for post-conviction relief ("PCR") on June 18, 2009 in which he referred to an attachment that listed his claims that was apparently omitted from the application. (Graves v. State of South Carolina, 09-CP-42-3439; App. at 463-69, ECF No. 20-5 at 43-49.) The State filed a return and motion to dismiss. (App. at 476-79, ECF No. 20-5 at 56-59.) Graves, through counsel Jonathan A. Neal, Esquire, filed a supplemental memorandum and a second supplemental memorandum in support of his PCR application in which he alleged ineffective

---

[1] Graves was jointly tried with his co-defendant, Jovan Graves.

[2] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



assistance of counsel due to counsel's (1) failure to request a change of venue, (2) failure to pursue an objection based on the procedures used by the police regarding witnesses's identification of the defendants, and (3) failure to object to the prosecutor's improper vouching for a witness's credibility. (App. at 470-75, ECF No. 20-5 at 50-55.)  On May 26, 2010, the PCR court held an evidentiary hearing at which Graves appeared and testified.  (App. at 480-500, ECF No. 20-5 at 60 through ECF No. 20-6 at 45.)  By order filed July 28, 2010, the PCR judge denied and dismissed with prejudice Graves's PCR application.  (App. at 544-51, ECF No. 20-6 at 46-53.)

Graves appealed.  In his PCR appeal, Graves was represented by Robert M. Pachak, Esquire, who filed a petition for a writ of certiorari on Graves's behalf that presented the following issue:

> Whether defense counsel was ineffective in failing to object to that part of the solicitor's closing argument that vouched for the State's witnesses?

(ECF No. 20-11 at 3.)  The State filed a return.  (ECF No. 20-12.)  On March 22, 2012, the South Carolina Supreme Court granted Graves's petition for a writ of certiorari and directed the parties to file briefs on the issue presented.  (ECF No. 20-13.)  Both parties filed briefs.  (ECF Nos. 20-14 & 20-15.)  The South Carolina Supreme Court issued a memorandum opinion on November 21, 2012, in which it dismissed Graves's petition for a writ of certiorari as improvidently granted.  (ECF No. 20-16.)  This action followed.

## FEDERAL HABEAS ISSUES

Graves raises the following issues in his federal petition for a writ of habeas corpus:

**Ground One:**  Vouching—ineffective assistance of counsel.
**Supporting Facts:** Vouching transcript—App. p. 389, lines 10-25; App. p. 383, line 15 - p. 384, line 4.

**Ground Two:**  Golden Rule—ineffective assistance of counsel.
**Supporting Facts:**  Counsel ineffective for failing to object to the Solicitor['] s improper closing argument that impermissibly [in]voked the Golden Rule.  Tr. p. 381, lines 1-9.

(ECF No. 1 at 5-6.)

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere

allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56©), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.    Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir.



2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.    Summary Judgment Motion**

    **1.    Procedural Bar**

    The respondent first argues that Ground Two, which alleges that trial counsel was ineffective in failing to object to a portion of the solicitor's closing argument based on the Golden Rule, is procedurally barred from federal habeas review. Specifically, the respondent points out that Graves did not present this issue to the state appellate courts during his PCR appeal. Upon review of the record, the court agrees. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised



to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, Ground Two would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Graves attempted to raise it now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

Therefore, Ground Two is procedurally barred unless Graves can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. In response, Graves appears to argue that this ground was not properly exhausted because PCR appellate counsel failed to raise this claim. However, this allegation is insufficient to demonstrate cause. Cf. Martinez v. Ryan, 132 S. Ct. 1309, 1315, 1320 (2012) (recognizing that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial," but not extending the possibility of establishing cause to "attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings").

**2.    Ground One**

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S.



362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. 770, 788 (2010). The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions

were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was dismissed as improvidently granted by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

In Ground One, Graves alleges that trial counsel was ineffective in failing to object to statements in the Solicitor's closing argument, which Graves alleges was improper vouching. In his Petition, Graves references the following statements that he appears to argue trial counsel should have objected to:

> Ask yourselves, ladies and gentlemen, when you are back in that jury room if you would do it for me, what reason in the world does Troy Fisher have to lie, to make up that this happened?
> Why in the world would he travel all the way back to South Carolina from Maryland to come in here and identify somebody that didn't do it? He wouldn't.
> He's a very smart, very educated young man, a lot of potential and a good career in front of him. He didn't come in here and hesitate with his identification.
> He didn't know names, but he knew faces. And, yeah, I submit to you those are faces, especially that one, that he will never be able to forget, whether it's two years after the fact or 20 years after the fact. I submit to you he's going to remember that same face. He will carry that with him the rest of his life.



(App. at 389, ECF No. 20-4 at 49.)  He appears to allege that trial counsel should have objected to the following additional statements from the Solicitor:

> What about Lamar Graves?  Every witness could not identify him.  No witness said it wasn't him.  The witnesses that could not identify Lamar Graves never said Lamar Graves wasn't there.
> What they said was he had a hoodie on or I didn't a good look at his face.  I either had my face down, I was hiding, I was protecting my baby, I was running out of the apartment to try to go get help, I was jumping out of second-story windows to go get help.
> They never said it wasn't him, but they were honest with you.  They came forward and they said, look, I can't tell you who it was.  I can tell you what they did.  That's why I called them.  That's why I called them to the stand, to tell you what happened to them, what they had to do and what they had to say.

(App. at 383-84, ECF No. 20-4 at 43-44.)

With regard to these excerpts, during the PCR hearing, Graves argued that his trial counsel should have objected to the statements indicating there was no testimony that Graves was not at the scene of the crime and that it was improper for the Solicitor to mention Fisher's education level. (App. at 491-92, 493-94, ECF No. 20-5 at 71-72, 73-74.)  Trial counsel testified she did not object to the Solicitor's closing argument regarding the fact that no one testified that Graves was not present because she did not believe it rose to the level of vouching and because attorneys have leeway in making inferences.  (App. at 530, ECF No. 20-6 at 32.)  She also stated that she probably should have objected to the comments made during closing about Fisher's level of education and appearing to testify even though he had to travel from Maryland.  Trial counsel further testified that "I think he's arguing some extraneous facts and things that, that aren't in the record, that aren't, have not been testified to, and probably, it probably is beyond the scope of relevant argument and probably is an arbitrary issue that—and, again, in retrospect and in experience, probably, I probably would of objected to it."  (App. at 532, ECF No. 20-6 at 34.)



In rejecting Graves's claim, the PCR court made the following relevant findings:

> This Court finds that as to allegations of ineffective assistance of counsel, Counsel's testimony was more credible than the Applicant's testimony. This Court is not convinced that any errors, even assuming the errors were outside of reasonable professional judgment, would lead to a reasonable probability of a different outcome in the trial. It is clear from the record that Counsel objected to and argued against any testimony regarding identification of the Applicant in pre-trial hearings and again during the trial.
> . . . .
> Regarding the Applicant's allegation that Counsel was ineffective for failing to object to several statements made by the Solicitor during closing arguments, this Court finds that the Applicant has failed to meet his burden of proof. The State's closing arguments must be confined to evidence in the record and the reasonable inferences that may be drawn from the evidence. State v. Copeland, 321 S.C. 318, 468 S.E.2d 620 (1996). Furthermore, the solicitor's closing argument must not appeal to the personal biases of the jurors. Id. Vouching occurs when a Solicitor attempts to bolster the credibility of a witness by "placing the government's prestige behind a witness by making explicit personal assurances of a witness'[s] veracity," or by "implicitly vouch[ing] for a witness'[s] veracity by indicating information not presented to the jury supports the testimony." Gilchrist v. State, 350 S.C. 221, 227, 565 S.E.2d 281, 285 (2002), quoting State v. Shuler, 344 S.C. 604, 630, 545 S.E.2d 805, 818 (2001). However, to be entitled to a new trial for improper closing arguments, the test is whether "the Solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." State v. Hamilton, 344 S.C. 344, 362, 543 S.E.2d 586, 596 (2001).
> This Court finds that although the Solicitor's comments in closing argument may be considered vouching and probably should not have been made, to conclude it was error to not object and such error was prejudicial to the outcome of the trial would require this Court to engage in speculation. Therefore, this Court finds that this claim should be denied and dismissed.

(ECF No. 20-10 at 6-7.) The PCR court concluded that Graves failed to meet either prong of the

Strickland test.

Graves disputes the PCR court's determination, reasserting his position that he presented to

the state courts. "Vouching generally occurs when the prosecutor's actions are such that a jury could

reasonably believe that the prosecutor was indicating a personal belief in the credibility of the

witness." United States v. Johnson, 587 F.3d 625, 632 (4th Cir. 2009) (citation and quotation marks



omitted).  "The rule against vouching exists because 'the prosecution's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.' "  Id. (quoting United States v. Young, 470 U.S. 1, 18-19 (1985)).  Upon review of the parties' arguments and the record in this matter, the court finds that Graves cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting his claim of ineffective assistance of counsel or that the PCR court made objectively unreasonable factual findings.  See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1).  As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable.  This is different from asking whether defense counsel's performance fell below Strickland's standard."  Harrington, 131 S. Ct. at 785.  Graves has failed to demonstrate that the PCR court erred in determining that trial counsel was not deficient in failing to object to the challenged statement and has failed to establish that there is a reasonable probability that the result of the proceeding would have been different if trial counsel had objected to any these comments.  Strickland, 466 U.S. at 687, 694.  Moreover, the court concludes that Graves has not clearly shown that the PCR court's credibility determinations were without support.  See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).  Therefore, Graves has not shown that the PCR court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable.  See Williams, 529 U.S. at 410.

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the respondent's motion for summary

judgment (ECF No. 21) be granted.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 3, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).