UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lamar A. Graves, | ) | C/A No. 0:12-3574-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Allendale Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Lamar A. Graves, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant 28 U.S.C. § 2254 challenging his 2006 state conviction for armed robbery.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

Recommendation which was entered on the docket on February 3, 2013. The petitioner filed a one-page, one sentence response to the Report stating, "Yes I'd like to file specific written objections to this Report and have the right to Appeal." In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In her Report and Recommendation, the Magistrate Judge finds that Ground 2 is procedurally barred from federal habeas review. In Ground 1, the petitioner alleges that trial counsel was ineffective in failing to object to the statements in the solicitor's closing arguments which Graves contends was improper vouching. The Magistrate Judge reviewed the parties' arguments and records under the proper standards and finds that the petitioner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting his claim of ineffective assistance of counsel or that the PCR court made objectively unreasonable factual findings.

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's response thereto, the court adopts the Magistrate Judge's Report and incorporates it herein by reference. Accordingly, the respondent's motion for summary judgment (ECF No. 21) is granted.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2).³

    IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

                                        Joseph F. Anderson, Jr.
March 18, 2014                          United States District Judge
Columbia, South Carolina

---

³ A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."